JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Malik Robertson

**DEFENDANTS**
Christian J. Fenico, et al

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Wesley Cornish, Esquire Cornerstone Legal Group, LLC
230 South Broad Street, 18th Floor Suite 50 Phila, PA 19102
888-313-1375

Attorneys *(If Known)*
City Law Department

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 1964, 28 USC 1331, 42 USC 1983
Brief description of cause:
Violation of Civil Rights Under Color of Law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE   04/22/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Malik Robertson                           :      CIVIL ACTION
         v.                               :
Christian J. Fenico, et al.               :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.         ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                     (X)

4/22/16                David Wrsley Cornish /s/           Plaintiff
**Date**                **Attorney-at-law**               **Attorney for**

888-313-1385           215-752-6769                       cornerstonelegalgroup@gmail.com
**Telephone**           **FAX Number**                    **E-Mail Address**


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1937 Haworth Street Phila, PA 19124**

Address of Defendant: **1515 Arch Street, 14TH Floor Phila, PA 19102**

Place of Accident, Incident or Transaction: **25TH & Snyder Avenues Phila, PA (South Philadelphia)**
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **David Wesley Cornish**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **4/22/16**    _____DW_____    **310865**
                    Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **4/22/16**    _____DW_____    **310865**
                    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF PENNSYLVANIA

---

**Malik Robertson,**
**PLAINTIFF**

V.

Case # _____
**Jury Trial Demanded**

**Christian J. Fenico, Antoine J. Hayes, City of Philadelphia, Detective Tolliver, Kathleen A. Barr, Sydemy Joanis, Jeffrey J. Cunningham, J. Gregory Caputo, John Smith, Michael J. Policella, Jeffrey L. Ryan, John C. Landis, Robert Spaduccini, Robert Flade II, Edward M. Fidler, Anthony Vega, John B. Craig, Eric Johnson, Josh McDonald, Philadelphia Police Officer Shanik, Philadelphia Police Officer Lawrence, and Philadelphia Police Officer Troccoli Officially, Personally, Professionally and all together individually, Jointly, and Severally.**
   **DEFENDANTS.**

---

## COMPLAINT

1. Plaintiff Malik Robertson ("Robertson") by and through counsel, D. Wesley Cornish, Esquire, submits the following complaint.

## JURISDICTION AND VENUE

2. This Honorable Court has original jurisdiction pursuant to the civil Racketeering Influenced Corrupt Organizations ("RICO") remedies at 18 U.S.C. §1964.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

4. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. §1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants reside in this district and virtually all of the acts described in this Complaint occurred in this district.

## PLAINITFF

6. Plaintiff is Malik Robertson, an individual and resident of the United States of America, and resident of the Commonwealth of Pennsylvania and the City of Philadelphia.

**DEFENDANTS**

7. Defendant is **Antoine J. Hayes**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

8. Defendant is **City of Philadelphia**, a city of the first class, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, the Philadelphia Home Rule Charter and Philadelphia Code, with offices located at City Hall 1501 Market Street Room 215, Philadelphia, PA 19107.

9. Defendant is **Christian J. Fenico**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

10. Defendant is **Detective Tolliver**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

11. Defendant is **Kathleen A. Barr**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

12. Defendant is **Sydemy Joanis**, a former police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

13. Defendant is **Jeffrey J. Cunningham**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

14. Defendant is **J. Gregory Caputo**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

15. Defendant is **John Smith**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

16. Defendant is **Michael J. Policella**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

17. Defendant is **Jeffrey L. Ryan**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

18. Defendant is **John C. Landis**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

19. Defendant is **Robert Spaduccini**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

20. Defendant is **Robert Flade II**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

21. Defendant is **Edward M. Fidler**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

22. Defendant is **Anthony Vega**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

23. Defendant is **John B. Craig**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

24. Defendant is **Josh McDonald**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

25. Defendant is **Eric Johnson**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

26. Defendant is **Philadelphia Police Officer Troccoli**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

27. Defendant is **Philadelphia Police Officer Shanik**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

28. Defendant is **Philadelphia Police Officer Lawrence**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

## FACTUAL BACKGROUND

29. On or about June 24, 2011 in the City and County of Philadelphia and within the Eastern District of Pennsylvania Defendants were acting under the color of law as sworn Philadelphia Police Officers and/or their supervisors.

30. Mr. Robertson on that date was walking to his uncle Harold Adams house in the area of 25th and Snyder Avenues in the City and County of Philadelphia to visit him.

31. As Mr. Robertson was returning home from his visit with Mr. Adams, police in a marked car initially drove past him, then backed up and asked him if he was involved in a shooting to which Mr. Robertson responded "No I was not".

32. The Defendants claim Mr. Robertson was observed running away and that after a foot chase, he was stopped, handcuffed and further investigated.

33. Mr. Robertson was walking and not running when he was first approached by the Defendants at 2806 Cantrell Street.

34. The police officers in the vehicle then exited the car and told Mr. Robertson to produce identification and provide his name, which he complied with and did.

35. The officers stated to Mr. Robertson, matched the flash description, which was for two males, one wearing white tank tops, in khaki shorts, and the other male wearing khaki pants and a plaid shirt.

36. At the time Mr. Robertson was stopped by these Defendants he was wearing PUMA grey sweat shorts, a grey PUMA shirt, and a grey hat.

37. These Defendants then placed Mr. Robertson into a vehicle and drove him to the scene of an alleged crime and while handcuffed in a highly suggestive manner, claimed two females there identified him as a participant based on a vehicle they believe he drove.

38. Mr. Robertson had not in fact driven a vehicle to this location to meet Mr. Adams and instead had taken the SEPTA Route 7 bus from his home at 1937 Haworth Street Philadelphia, Pennsylvania.

39. The vehicle in question was later determined to be owned by Leonard Anthony Eugene Davis III.

40. Meanwhile Defendants Hayes and Joanis while driving eastbound on the 2300 block of Snyder Avenue saw Christopher Blackwell, walking, and he appeared to match the flash description, as he had on a white tank top and tan cargo shorts, provided and stopped him for further investigation before arresting him.

41. The Defendants also during their investigation determined Earl Manley III was involved in a shooting incident at 2806 Cantrell Street, and arrested him, and observed him wearing a blue and white stripe polo shirt, khaki shorts, and white sneakers.

42. Defendants searched a vehicle believed to be involved in this alleged crime at the scene and claimed to have found Mr. Robertson's identification inside the vehicle.

43. Mr. Robertson had never been inside the vehicle in question and had never placed his identification inside that vehicle either, nor did he know the owners nor operators for that car. The Defendants throughout the course of his criminal prosecution were unable to provide any evidence including phones, fingerprints, DNA, or the like indicating Mr. Robertson ever set foot inside the vehicle where police claimed to find his identification.

44. Mr. Robertson does not know of nor has he ever met Christopher Blackwell or Edward Manley III.

45. On June 24, 2011, Mr. Robertson was arrested by the Defendants and charged with attempted murder, aggravated assault, conspiracy to commit murder, burglary, firearms violations, criminal trespass, possession of an instrument of crime with intent, simple assault, and recklessly endangering another person.

46. On September 15, 2011, Mr. Robertson had his preliminary hearing before Judge Meehan and all charges were held for court.

47. On April 28, 2014, a jury found Mr. Robertson not guilty of all the charges.

48. The City of Philadelphia also was on notice from numerous consent decrees, dating back to at least 1996, which specifically prevented the police from conducting stop and frisks and other constitutionally invasive investigatory techniques especially against minority persons, where there was almost no probable cause and when the stop occurs in what is generally classified as a "high crime, high drug traffic area".

## COUNT 1 RICO VIOLATIONS

49. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

50. Plaintiff alleges Defendants, excluding the City of Philadelphia were associated as group, who met and assembled via their shared employment through the City of Philadelphia and its entity the Philadelphia Police Department and used this as a guise to commit crimes, violate citizens' rights, and earn unjustified money from the City of Philadelphia and the Philadelphia Police Department.

51. The Plaintiff alleges that the Defendants, excluding the City of Philadelphia have been engaged in this RICO organization since at least 2011 and have committed at least three separate predicate acts.

## A. RICO PREDICATE ACTS

52. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

53. To further their shared RICO enterprise Defendants acted together and committed the following violations.

    a. These Defendants, excluding the City of Philadelphia, conspired and did commit obstruction of justice when they arrested the Plaintiff on or about June 24, 2011 knowingly there was no reasonable suspicion or probable cause to do so and knew to be false and in violation of §1503 embodied within 18 U.S.C. §1961.

    b. Defendants conspired and did commit obstruction of a criminal investigation when they arrested the Plaintiff on or about June 24, 2011 knowingly, while there was no reasonable suspicion or probable cause to do so and knew to be false and in violation of §1510 embodied within 18 U.S.C. §1961.

    c. Defendants conspired and did commit obstructing state or local law enforcement when they arrested the Plaintiff on or about June 24, 2011 knowingly, while there was no reasonable suspicion or probable cause to do so and knew to be false and in violation of §1511 embodied within 18 U.S.C. §1961.

    d. Defendants conspired and did commit tampering with a witness, or victim when they arrested the Plaintiff on or about June 24, 2011 knowingly, while there was no reasonable suspicion or probable cause to do so and knew to be false and in violation of §1512 embodied within 18 U.S.C. §1961.

    e. Defendants conspired and did commit, conspired and did commit wire fraud, through the submission of fabricated evidence, on January 4, 2014, February 12, 2014, February 24, 2014, February 26, 2014, April 16, 2014, April 21, 2014, April 22, 2014, April 23, 2014, April 24, 2014, April 25, 2014, and April 28, 2014, knowingly and falsely caused to be electronically

      created by the Philadelphia Criminal Office of Judicial Records, and entered onto the state database, which is available for public viewing, commonly known as "The Unified Judicial System of Pennsylvania Web Portal", which involves telephone and other interstate communication methods, numerous docket entries which each Defendant knew to be false and in violation of §1029 and §1343 embodied with 18 U.S.C. §1961.

    f. Defendants conspired and did commit, conspired and did commit mail fraud, through submission of fabricated evidence, on January 4, 2014, February 12, 2014, February 24, 2014, February 26, 2014, April 21, 2014, April 22, 2014, April 23, 2014, April 24, 2014, and April 25, 2014 and caused to be deposited into the United States Postal Services hearing notices, which each Defendant knew to be false and in violation of §1341 embodied with 18 U.S.C. §1961.

### B. MEANS AND MANNER

54. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

55. Defendants jointly utilized firearms, batons, pepper spray, electronic control devices, gloves, handcuffs, and other weapons to perpetrate their RICO enterprise.

56. Defendants jointly utilized secret and confidential police information to target and enrich themselves via arresting certain individuals.

57. Defendants, jointly utilized radios, cellular phones, and other sophisticated communication devices to further this RICO enterprise.

58. Defendants, jointly utilized the color of law to and the badges and authority issued to them through the City of Philadelphia and the Philadelphia Police Department to continue their enterprise.

### COUNT 2 – FALSE IMPRISONMENT

59. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

60. Pennsylvania has a higher standard of protection for personal liberties, rights, and immunities than embodied within the federal requirements[1] at the time Mr. Bryant was arrested and prosecuted. These

---

[1] *Commonwealth v. Gary*, 586 A.2d 887, 894-95 (Pa. 1991) (At the outset, it is important to recognize that this Court may extend greater protections under the Pennsylvania Constitution than those afforded under the U.S. Constitution).

higher protections included necessity to search a vehicle while no person was inside it and were simultaneously restrained in addition to there being no good faith exception for police conduct.

61. Defendants knew this was a false arrest of Mr. Robertson and therefore knew any resulting incarceration would be improper and false also.

62. The City of Philadelphia also was on notice from numerous consent decrees, dating back to at least 1996, which specifically prevented the police from conducting stop and frisks and other constitutionally invasive investigatory techniques especially against minority persons, where there was almost no probable cause and when the stop occurs in what is generally classified as a "high crime, high drug traffic area".

63. The Defendants directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, and/or will continue to suffer the following damages: Past and future costs for medical treatment and care, Loss of enjoyment of life, Loss of enjoyment of freedom and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demand judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 3 – MALICIOUS PROSECUTION

64. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

65. Defendants in the instant case, knowingly lacked probable cause to stop, investigate, arrest, detain, charge, attest, and testify against the Plaintiff.

66. Defendants fabricated evidence against Plaintiff to attempt to substantiate falsely based probable cause for an arrest and prosecution which each Defendant knew did not exist and used this fake probable cause as a means to appear legitimate while illegally removing and securing property and prosecuting him.

67. On April 28, 2014, the jury empaneled before the Honorable Sierra Thomas Street, found Mr. Robertson not guilty for all charges.

68. The City of Philadelphia also was on notice from numerous consent decrees, dating back to at least 1996, which specifically prevented the police from conducting stop and frisks and other constitutionally invasive investigatory techniques especially against minority persons, where there was almost no probable cause and when the stop occurs in what is generally classified as a "high crime, high drug traffic area".

69. The Defendants directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages: Past and future costs for medical treatment and care, Loss of enjoyment of life, Loss of enjoyment of freedom and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demand judgment against Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

71. The Defendants conduct is especially egregious, extreme, outrageous and shocking because they were all tasked with upholding general society's and the Philadelphia community's public safety, general welfare, order, and laws and instead used those powers for improper reasons and personal gain.

72. The Defendants conduct is also extremely outrageous because he knew that absolutely no observations were made near, around, or in relation to criminal conduct with Mr. Robertson, yet decided to arrest and detain him without a just reason.

73. These Defendants knew pursuant to the Federal Constitution, the Commonwealth Constitution, and a litany of statutes and case law from both jurisdictions, and that Pennsylvania Courts and the Legislature have established a higher standard of protection for its citizens rights, liberties, privileges, and immunities, and the Defendants from attesting in police work and testifying in previous cases knew their conduct was unethical, unconstitutional, and illegal as it was also clearly intentionally and/or recklessly.

74. The City of Philadelphia also was on notice from numerous consent decrees, dating back to at least 1996, which specifically prevented the police from conducting stop and frisks and other constitutionally invasive investigatory techniques especially against minority persons, where there was almost no probable cause and when the stop occurs in what is generally classified as a "high crime, high drug traffic area".

75. Plaintiff suffered emotional distress due to Defendants' extreme and outrageous conduct.

76. Plaintiff suffered severe emotional and psychological consequences and effects due to the Defendants' actions, which caused prolonged incarcerations, a place where the Defendants could reasonably foresee mental health, counseling, and psychological services are extremely limited and oftentimes below acceptable medical guidelines.

77. The Defendants directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages: Past and future costs for medical treatment and care, Loss of enjoyment of life, Loss of enjoyment of freedom and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## PUNITIVE DAMAGES REQUEST

78. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

79. In awarding punitive damages, "[t]he proper focus is on 'the act itself together with all the circumstances.".[2] The focus, therefore, is on the conduct, not on the excuses offered at trial. Furthermore, [p]unitive damages may be awarded for conduct that is outrageous, because of Defendant's evil motive or his reckless indifference to the rights of others.' "[3]

---

[2] *Rizzo v. Haines*, 520 Pa. 484, 507, 555 A.2d 58, 69 (1989).
[3] *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747-48 (1984).

80. Defendants' actions in depriving Plaintiff of his rights, freedoms, and liberties is so outrageous as to shock the conscience of reasonable persons and evidence reckless indifference for the Plaintiff's rights.

81. Municipalities and cities are liable for damages flowing from constitutional violations that it caused through the execution of its policy or custom.

82. The City of Philadelphia here failed to properly train, supervise, investigate, hold accountable, prevent, and arrest a litany of rogue officers within the Department.

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants, officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

83. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

84. Plaintiff demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

## OTHER REQUESTED RELIEF

85. Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

86. That Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. § 1962 (b) and from all other violation(s) of applicable State and federal law(s).

87. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(b).

88. That Defendants pay to Plaintiff treble (treble) damages, under authority of 18 U.S.C. § 1964(c).

89. That Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. § 1962 (b), including compensatory, exemplary, punitive, attorney's fees, interest, and any other recovery allowable pursuant to law.

90. That all damages caused by Defendants and all gains, profits, and advantages derived by these Defendants, from their several acts of racketeering in violation of 18 U.S.C. § 1962 (b) and from all

other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, pending a final decision within this matter.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
1510 Cecil B. Moore Avenue, Suite 301
Philadelphia, PA 19121
888-313-1385

**DATE**: April 22, 2016

## VERIFICATAION OF AMENDED COMPLAINT

I, David Wesley Cornish, Esquire, hereby declare that I have read the foregoing Complaint and the factual allegations therein, and the facts as alleged are true and correct to the best of my knowledge and belief.

**Date**: April 22, 2016

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar Identification: 310865

## VERIFICATAION OF COMPLAINT

I, Malik Robertson, a citizen of the United States of America and residents of Philadelphia County, Pennsylvania, hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Date: _April 22, 2016_

_____
Malik Robertson

Sworn to and subscribed before me this the _22nd_ day of _April 2016_

_____
NOTARY PUBLIC

My Commission Expires:

_June 20, 2016_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Hope Cornish, Notary Public
Bensalem Twp., Bucks County
My Commission Expires June 20, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Commonwealth of Pennsylvania
County of _Philadelphia_